IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARGIE LAKIN,

        Plaintiff,

v.                                    Case No. 13-1262-JTM

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff Margie Lakin supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The matter has been fully briefed by the parties, and the court is prepared to rule.

## I. Legal Standard

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). It

requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). Evidence is insubstantial when it is overwhelmingly contradicted by other evidence. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). The court's role is not to reweigh the evidence or substitute its judgment for that of the Commissioner. *Cowan*, 552 F.3d at 1185. Rather, the court must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). The findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

A claimant is disabled only if he or she can establish a physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents engaging in substantial gainful activity. *Brennan v. Astrue*, 501 F. Supp.2d 1303, 1306-07 (D. Kan. Aug. 7, 2007) (citing 42 U.S.C. § 423(d)). The physical or mental impairment must be so severe that the individual cannot perform any of his or her past relevant work and cannot engage in other substantial gainful work existing in the national economy considering the individual's age, education, and work experience. 42 U.S.C. § 423(d).

Pursuant to the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether an individual is disabled. If at any step a finding of disability or non-disability can be made, the evaluation process ends. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989). At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." 20 C.F.R. § 416.920(b). At step two, the agency will find non-disability unless the claimant shows a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At step three, the agency determines whether the impairment that enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. 20 C.F.R. § 416.920(d). Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This RFC assessment is used to evaluate the claim at steps four and five.

If the claimant's impairment does not meet or equal a listed impairment in step three, the inquiry proceeds to step four, at which point the agency assesses whether the claimant can do his or her previous work; the claimant must show that he or she cannot perform his or her previous work or is determined to not be disabled. 20 C.F.R. § 416.920(f). If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and determine whether the claimant is capable of performing other jobs

existing in significant numbers in the national economy. 20 C.F.R. § 416.920(g); *See Barnhart v. Thomas*, 124 S. Ct. 376, 379–80 (2003).

The claimant bears the burden of proof through step four of the analysis. *Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. *Nielson*, 992 F.2d at 1120; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. *Thompson*, 987 F.2d at 1487.

**II. History of Case**

Plaintiff Lakin protectively filed an application for Supplemental Security Income on August 5, 2010 alleging disability beginning February 24, 2010. The claim was initially denied on November 1, 2010, and upon reconsideration on May 11, 2011. Lakin requested an administrative hearing on June 6, 2011. R. at 123.

Lakin's hearing was held before an Administrative Law Judge on January 12, 2012. R. at 140. On January 26, 2012, the ALJ issued his decision finding Lakin was not disabled. R. at 13–25. Lakin requested review of the ALJ's decision by the Appeals Council on March 19, 2012. The Council denied the request for review on March 10, 2013. This was the final act of the Commissioner. *See* Plaintiff's Social Security Brief, Dkt. 11 at 3.

At step one of the analysis, the ALJ found that Lakin had not engaged in substantial gainful activity since her alleged onset date. R. at 18. At step two the ALJ found that Lakin suffered from the following ailments: degenerative disc disease of the

lumbar and cervical spine, carpal tunnel syndrome, tennis elbow, hypoglycemia, osteoporosis, anxiety, depression, and panic disorder. *Id.* At step three, the ALJ determined that Lakin's impairments do not meet or medically equal a listed impairment. *Id.* After determining Lakin's RFC (R. at 18–20), the ALJ determined at step four that Lakin did not have any relevant past work history. R. at 24. At step five, the ALJ determined that Lakin could have successfully adjusted to perform other jobs that existed in significant numbers in the national economy. R. at 24. Therefore, the ALJ concluded that Lakin has not been under disability since February 24, 2010.

Lakin claims the ALJ failed to follow the treating physician rule in determining her RFC. She argues that her treating physicians, Dr. Richard Gilmartin and Dr. Ronald C. Ferris, supported their opinions with clinical and diagnostic evidence, and that the ALJ did not cite any specific evidence contradicting their opinions. Lakin also claims the ALJ failed to properly evaluate her own credibility, arguing that the ALJ's finding is not supported by the record.

The Commissioner argues that the ALJ properly evaluated the medical opinion evidence and Lakin's credibility and that the ALJ's assessment of Lakin's RFC is supported by substantial evidence.

### III. The ALJ's RFC Findings Are Supported by Substantial Evidence

According to SSR 96–8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and

resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96–8p, 1996 WL 374184 at *7.[1] It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. *Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. *Brown v. Comm'r of the Social Security Admin.*, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings regarding Lakin:

> . . . claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)[2] except due to her mental impairments the claimant is limited to simple routine tasks with occasional contact with others. The claimant can only operate hand controls with the upper extremities occasionally; can never climb latters, ropes, or scaffolds; and must avoid concentrated exposure to vibration.

R. at 20. Lakin argues that the ALJ's analysis is flawed for two reasons, which the court addresses below.

---

[1]SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); *Sullivan v. Zebley*, 493 U.S. 521, 530 n. 9 (1990); *Nielson v. Sullivan*, F.2d 1118, 1120 (10th Cir. 1993).
[2]Light work involves lifting no more than twenty pounds at a time, frequent lifting or carrying of objects weighing ten pounds, and standing and/or walking, off and on, for a total of approximately six hours of an eight-hour day. *See* 20 C.F.R. 416.967(b).

*A. Evaluation of Dr. Ferris's and Dr. Gilmartin's Medical Opinions*

Lakin argues that the ALJ did not properly consider Dr. Ferris's and Dr. Gilmartin's medical opinions. The ALJ gave little weight to the opinions of Dr. Ferris and Dr. Gilmartin, Lakin's treating physicians, in his written decision.

A treating doctor's opinion should be given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. 416.927(c)(2). An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If the answer to this question is "no," then the inquiry is complete. *Id.* If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.*

Even if the treating source's medical opinion does not meet the test for controlling weight, it is still entitled to deference and must be weighed using the factors provided in 20 C.F.R. 404.1527(c) and 416.927(c). *Id.* (citing to SSR 96–2p, 1996 WL 374188, at *4). These factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the

physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1301 (quotations omitted). "The court does not require a formalistic factor-by-factor analysis in weighing medical opinions so long as the ALJ's decision is sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Castillo v. Astrue*, No. 10-1052-JWL, 2011 WL 13627, at *6 (D. Kan. Jan. 4, 2011) (internal citations and quotation marks omitted).

Dr. Ferris was the source of an August 2011 RFC questionnaire diagnosing Lakin with chronic neck pain and degenerative disc disease. Dr. Ferris gave this diagnosis on Lakin's first visit and severely restricted Lakin's activities to:

- Walking zero blocks;
- Sitting for fifteen minutes at a time and for two hours in an eight-hour workday;
- Standing and/or walking ten minutes at a time and for one hour in an eight-hour workday;
- Lifting less than ten pounds occasionally and never lifting ten pounds;
- Grasping, turning, and twisting and using fine manipulation bilaterally during eighty percent of the day;
- Reaching forty percent of the time with the right hand and fifty percent of the time with the left hand; and
- Needing to recline or lie down more than during the regularly scheduled breaks.

Dr. Gilmartin treated Lakin for six months for pain in the cervical and lumbar regions. Dr. Gilmartin was the source of an August 2010 RFC assessment limiting Lakin's activities to:

- Lifting ten pounds occasionally and less than ten pounds frequently;
- Standing, walking, and/or sitting in fifteen minute intervals and must be able to shift positions;

- Standing, walking, and/or sitting each for a total of six hours in an eight hour workday;
- Grasping, turning, and twisting bilaterally during eighty percent of the workday;
- Using bilateral hands for fine manipulation for eighty percent of the workday;
- Reaching with the right arm forty percent of the workday and with the left arm fifty percent of the workday;
- Would be absent one-to-two times per month; and
- Would require extra unscheduled breaks.

The ALJ gave little weight to the opinions of Dr. Ferris and Dr. Gilmartin stating the limitations in their RFC assessments are not supported by the substantial medical evidence. In his opinion, the ALJ details the evidence he relied on in the record to determine Lakin is not disabled.

In terms of Lakin's alleged musculoskeletal impairments, the ALJ points out that the treatment records "do not show the type of significant clinical and laboratory abnormalities one would expect if in fact [Lakin] were disabled." *See* ALJ Decision at 21. X-rays of Lakin's lumbar spine revealed hemi-sacralization of the transverse vertebrae at the sacral junction on the right. However, the ALJ noted that the imaging results fail to show a debilitating impairment. Specifically, x-rays of Lakin's mid back revealed a normal thoracic spine, x-rays of Lakin's left shoulder were negative, and an x-ray of Lakin's right knee revealed an unremarkable knee. Lakin's back pain, which she traces back to a rollerblading accident in 2001, has mostly been treated by medication and some physical therapy. Lakin has never had an epidural injection or undergone any surgeries for the pain.

The ALJ cites the consultative exam as contradicting the debilitating nature of Lakin's impairment. Dr. Morrow, the consultative examiner, stated that Lakin had mild

difficulty getting on and off the table, walking on her heels and toes, squatting, and severe difficulty hopping. Lakin also had slightly decreased flexion in her dorsolumbar spine. However, she had normal extension and rotation. Lakin was able to bend to the floor and showed no muscle spasms. Her flexion, extension, and rotation of her cervical spine were within the normal range. Lakin's reflexes were symmetrical and her motor function was normal. Her gait and station were stable.

The ALJ also detailed his findings regarding Lakin's alleged carpal tunnel syndrome by referencing her medical history and the consultative exam. As the ALJ noted, Lakin has no history of surgery, injections, or splint management. The consultative exam identified Lakin's grip strength at 51.8 pounds of grip strength with her dominant right hand and 27.7 pounds of grip strength with her left hand. Lakin also had negative Tinel's and Phalen's signs bilaterally. Even so, the ALJ gave Lakin the benefit of the doubt as to her alleged carpal tunnel when undertaking the RFC.

As for tennis elbow and osteoporosis, the ALJ determined that there was little medical evidence to support either claim. Lakin has no history of treatment, surgery, or injection management for tennis elbow. Lakin also has never reported a compression fracture to support her claim of osteoporosis. Nonetheless, the ALJ stated that he considered them in combination with other impairments when creating the RFC.

The ALJ concluded that the medical evidence does not support Dr. Ferris's or Dr. Gilmarten's conclusions. The ALJ determined that the evidence does not show an impairment that could reasonably be expected to produce pain or other symptoms of the frequency or severity that would result in disability. The ALJ concluded Lakin had

the RFC to perform the full range of light work. The ALJ relied on medical evidence in the record and on a vocational expert who concluded that Lakin would be able to perform the requirements of certain occupations. The ALJ properly gave Dr. Ferris's and Dr. Gilmarten's questionnaires little weight, finding they were full of unsupported opinions.

In her arguments, Lakin argues that the ALJ failed to provide evidence contradicting Dr. Ferris and Dr. Gilmarten's opinions. This flips the burden. The ALJ does not have to disprove the treating physician's opinions. The ALJ need only consider whether an opinion is well-supported by clinical and laboratory diagnostic techniques and whether it is consistent with other substantial evidence of record. *See* 20 C.F.R. § 416.927(c). Finding Dr. Ferris's and Dr. Gilmarten's opinions unsupported, the ALJ need only apply the regulatory factors to determine the appropriate amount of weight for the opinions. After determining the medical opinions were not entitled to controlling weight, the ALJ gave them little weight, citing the lack of medical evidence and inconsistency with the record as a whole supporting their opinions. This is an appropriate factor for the ALJ to consider. SSR 96-2P (S.S.A.), 1996 WL 374188 at *3,4. The court finds the ALJ conducted a proper analysis and did not err in the RFC conclusion.

### B. Evaluation of Lakin's Credibility

In her brief, Lakin argues that the ALJ improperly evaluated the credibility of her subjective complaints of disabling limitations. Lakin stated most of the alleged disabling pain arises from depression, anxiety, and neck and back pain. The ALJ took all evidence

into account and determined that she does suffer from degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome, tennis elbow, hypoglycemia, osteoporosis, anxiety, depression, and panic disorder. However, the ALJ found that the objective evidence, examination findings, and treatment notes did not support the disabling degree of limitation alleged by Lakin. The ALJ's conclusion is supported by substantial evidence.

"[C]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). Those findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). "Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id*.

The ALJ must consider and determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) whether there was a "loose nexus" between that impairment and the claimant's subjective allegations of pain; and (3) whether, considering both objective and subjective evidence, the claimant's pain was in fact disabling. *See Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987). To determine the credibility of a claimant's complaints of disabling pain, the ALJ should consider the claimant's levels of medication and their effectiveness, the

extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence. *Branham v. Barnhart*, 385 F. 3d 1268, 1273-1274 (10th Cir. 2004).

The ALJ found the first two requirements were met. Specifically, he found that Lakin established a pain-producing impairment by objective medical evidence and that there was a "loose nexus" between that impairment and her subjective allegations of pain. However, the ALJ did not find credible Lakin's testimony on intensity, persistence, and the limiting effects of her pain.

The ALJ concluded that although Lakin does suffer from mental impairments, the evidence fails to confirm that these impairments are as debilitating as Lakin alleged. The ALJ points to Lakin's treatment record for support. The record shows that Lakin was diagnosed with depression and panic disorder and treated at the Sumner Mental Health Center. At her first visit in February of 2011, the doctor put Lakin on medication. Lakin's depression worsened at subsequent appointments in April and June. Lakin reported in August that her mood and other depressive symptoms were somewhat better on the medication. Lakin's impairments continued to improve as shown by her latest visit when no acute symptoms were noted.

The ALJ also relied on Lakin's psychiatrist's notes in concluding Lakin's testimony lacked credibility. In August 2011, Lakin's psychiatrist, Dr. Holloway, documented that

Lakin brought papers associated with a Social Security Disability Hearing to her appointment. According to Dr. Holloway's notes, Lakin repeatedly mentioned her "disabilities" and in his opinion really seemed to be focused on social security benefits. Dr. Holloway suggested it possible that Lakin was magnifying her symptoms.

Having reviewed the case file extensively, the court finds the ALJ's credibility evaluation is supported by the factors listed above. The ALJ's decision reflects that he carefully assessed the relevant medical opinions regarding Lakin's functioning. As the ALJ indicated, Lakin's treatment records or consultative reports did not document limitations consistent with disability. Medical records show that proper treatment and medication improved her conditions. The medical records presented by plaintiff's physicians are not consistent with her allegations. The court affirms the ALJ's RFC assessment because it is supported by substantial evidence.

**IV. Conclusion**

Lakin had a fair hearing and a full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence from the record as a whole supports the Commissioner's decision. Accordingly, the court affirms the Commissioner's decision for the reasons set forth above.

IT IS THEREFORE ORDERED this 6th day of August, 2014, that the present appeal is hereby denied. The court affirms the decision of the Commissioner.

s/J. Thomas Marten
J. THOMAS MARTEN,
CHIEF JUDGE